(No. 1019—Claimant awarded $3,400.00.)

PEARL L. HARDESTY, ADMINISTRATRIX OF THE ESTATE OF ELLIS HARDESTY, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 10, 1927.*

RESPONDEAT SUPERIOR—*State not liable for injuries sustained by its employees.* The State is not liable for injuries sustained by its employees while in the discharge of their duty.

SOCIAL JUSTICE AND EQUITY. Where an employee of the State is engaged in a hazardous employment or in a dangerous place, and is injured an award may be made to him as an act of social justice and equity and such compensation fixed according to the provisions of the Workman's Compensation act.

JOHN M. PEFFERS, for claimant.

OSCAR E. CARLSTROM, Attorney General; FRANK R. EAGLETON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

Claimant's intestate, Ellis Hardesty, deceased, was employed as house father at the St. Charles School for Boys, and had been so employed since the year 1911. On February 7, 1925, six of the inmates of the school escaped and the deceased was directed by Charles E. Saushe, head farmer of the school, to go with Matthew J. Oberwis, another employee of the institution, to the Chicago & Northwestern yards in West Chicago to search for the escaped boys. The deceased and Oberwis left the institution about 7:20 in the evening, arriving at the yards near 8:00 o'clock. They made a search through box cars and wherever they thought it likely the boys might be.

As they were walking east between two of the switch tracks a freight train passed them going west, and they stepped over near the track on the north of the one the freight train was on to be out of danger from that train. Another train on the north track was backing eastward without any lights on the rear car and without giving any signals. The noise of the passing freight was so great that the approach of the train backing to the east could not be heard. This train struck the deceased, crushing his head and killing him instantly.

The deceased left claimant as his widow and left no children or descendants of children. Claimant has filed this suit for compensation on the ground that, being an employee of the State and killed in the line of his duty, it is obligatory on the State to recompense her for his death. The evidence clearly shows that part of the duties of deceased was to make a search for escaped inmates of the institution whenever directed to do so by those in authority above him, and that Saushe was one of the officials who had authority to direct him to make such searches. Saushe directed him to go to the railroad yards, a dangerous and hazardous place, and especially so in view of the weather conditions at the time. It is also clear from the evidence that the death of deceased was not caused by any negligent act of his.

The Attorney General has filed a general and special demurrer on behalf of the State, but makes no argument in support thereof and concedes that the facts as above stated are true. This court has uniformly held that the State is not liable for injuries received by its employees in the course of their employment, and the demurrer must, therefore, as a matter of law, be sustained and the claim rejected. But in cases of this kind this court has uniformly recognized the principle that, as a matter of social justice, the widow and heirs of the deceased should be recompensed by the State and that such compensation should be based upon the rules prescribed in the Workmen's Compensation Act.

At the time of his death deceased was earning $90 per month, and under the rules prescribed by the aforesaid act the maximum amount which could be paid to the claimant is $3,750.00, which sum would be paid in installments, but Section 9 of the act provides that such compensation may be paid in a lump sum, which sum shall be an amount which will equal the total sum of the probable future payments capitalized at

their present value upon the basis of interest calculated at 3% per annum with annual rests.

The court therefore recommends to the Legislature that an appropriation be made to the claimant in the sum of $3,400.00.